48 S.W.3d 204 (2000)
In the Interest of M.E.G., Jr. and M.A.G., Children
No. 13-99-392-CV.
Court of Appeals of Texas, Corpus Christi.
March 31, 2000.
Publication Ordered June 6, 2001.
*206 W.J. Sames, Corpus Christi, for Appellant.
John Worley, Asst. Atty. Gen., Austin, David Warner, Asst. Atty. Gen., Victoria, Rhonda Amkraut Pressley, Austin, for Appellee.
Debra Palmer, San Antonio, pro se.
Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

OPINION
RODRIGUEZ, Justice.
Mark Elton Guinn appeals from an order enforcing a child support obligation. See Tex. Fam. Code Ann. § 157.001 et seq. (Vernon 1996 & Supp.2000).[1] By five issues, he contests the validity of the enforcement order. We affirm.
The 257th District Court of Harris County ordered Guinn to pay $300 per month support for his two children in a decree of divorce entered July 22, 1981. Guinn failed to provide support as required in the decree. Consequently, on *207 September 30, 1996,[2] before the eighteenth birthday of the youngest child,[3] the Attorney General of the State of Texas (Attorney General) filed a motion to enforce the child support order in Harris County. The enforcement suit was subsequently transferred to Victoria County.
On March 15, 1999, the 24th District Court of Victoria held a hearing on the motion and entered an order on March 25, 1999, enforcing the child support obligation. By its order, the court: 1) found Guinn $48,500 in arrears, and granted judgment in that amount; 2) ordered him to pay the judgment in monthly installments of $600; 3) ordered income withheld from his earnings, to be credited toward the arrearage; 4) instructed him that if he failed to pay, the Attorney General could pursue an administrative action to suspend any licenses he might hold; 5) found him in criminal contempt for failing to pay child support and ordered him committed to the county jail for sixty days; and 6) found him in civil contempt and ordered him committed to the county jail until he paid the entire arrearage and court costs.
On March 25, 1999, by written order, the court ordered Guinn released from custody, with no stipulations on Guinn's remaining free from incarceration.[4] Guinn filed a motion for new trial and/or modification of judgment, as well as a motion to clarify. The former motion was overruled by operation of law and the trial court denied the latter motion. Guinn presents five issues to this Court.
By his fourth issue, Guinn contends the Attorney General failed to plead or prove its interest in the case and that the trial court erred by failing to specify how the judgment would be distributed. A child support order will not be overturned unless the trial court clearly abused its discretion. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); Tamez v. Tamez, 822 S.W.2d 688, 692 (Tex.App.-Corpus Christi 1991, writ denied). An abuse of discretion may be found when a trial court acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the facts of the case. See Castle v. Harris, 960 S.W.2d 140, 142 (Tex.App.-Corpus Christi 1997, no writ). We view the evidence in the light most favorable to the trial court's action, indulging all legal presumptions in favor of that action. See Tamez, 822 S.W.2d at 692.
Pleadings must give fair notice of the claim or defense asserted to provide the opposing party with sufficient information to enable him to prepare a defense or answer to the claim asserted. See Tex. R. Civ. P. 45(b), 47(a); Crockett v. Bell, 909 S.W.2d 70, 72 (Tex.App.-Houston [14th Dist.], 1995, no writ) (citing Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex.1988) and Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982)). A pleading is adequate if a cause of action or defense may be reasonably inferred from what is stated. See Crockett, 909 S.W.2d at 72 (citing Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex.1993)).
In the present case, the Attorney General pleaded that the motion was filed *208 pursuant to chapter 231 of the Texas Family Code, which authorizes the Attorney General to provide child support enforcement services to any person who has received public assistance. See Tex. Fam. Code Ann.§ 231.113 (Vernon 1996). The Attorney General also pleaded that it sought a contempt order and judgment on arrears based on Guinn's failure to pay child support and attached its calculation of arrears including the specific dates of unpaid payments. The pleadings comply with the pleading requirements set forth in section 157.002 of the family code for a motion to enforce child support. See Tex. Fam. Code Ann. § 157.002 (Vernon Supp. 2000). We conclude the Attorney General's motion to enforce provided adequate notice of its interest and claim against Guinn.
We additionally construe Guinn's argument as an attack on the Attorney General's standing. To establish standing there must be a real controversy between parties that will be determined by the judicial declaration sought. See Texas Workers' Compensation Com'n v. Garcia, 893 S.W.2d 504, 517-18 (Tex.1995). The family code expressly grants standing to the Attorney General to file a motion to enforce a child support order under chapter 231. See Tex. Fam. Code Ann. § 102.007 (Vernon 1996); Attorney General of Texas v. Lavan, 833 S.W.2d 952, 955 (Tex.1992). As the motion to enforce provided that it was filed in accordance with chapter 231, the pleadings in this case support the Attorney General's standing. The evidence in the record further supports the Attorney General's standing. The evidence showed the State provided financial assistance on behalf of the children and Guinn failed to pay child support. Thus, pursuant to section 231.113, which requires the Attorney General to enforce a child support obligation in a case involving a child who received financial assistance from the State, and chapters 157 and 158, which outline the procedure for enforcing a child support order, there was a real controversy between the Attorney General and Guinn capable of judicial resolution. We conclude that the Attorney General adequately pleaded the motion to enforce and proved its standing to file the motion.
Guinn also urges that the trial court erred in failing to specify how the judgment would be distributed. The family code provides that an individual who receives public assistance on behalf of a child effectively assigns his interest in the child support to the Attorney General. See Tex. Fam. Code Ann. § 231.104 (Vernon Supp.2000). Moreover, the family code explicitly authorizes the Attorney General to collect and distribute child support payments. See Tex. Fam. Code Ann. § 231.101(a)(6) (Vernon Supp.2000). Thus, the Attorney General held an interest in the entire arrearage and the court correctly awarded judgment to and deferred distribution in favor of the Attorney General. Guinn's fourth issue is overruled.
In his first, second, and fifth issues, Guinn challenges the authority of the court to order periodic payments on the arrearage judgment and to enter the civil contempt order. Guinn first complains of the civil contempt clause,[5] wherein he was ordered confined to the county jail until he paid the entire arrearage and *209 court costs. Courts of appeals generally do not have jurisdiction to review contempt orders by way of ordinary appeal. See In re AM, 974 S.W.2d 857, 861 (Tex. App.San Antonio 1998, no pet.); Metzger v. Sebek, 892 S.W.2d 20, 54 (Tex.App. Houston [1st Dist.] 1994, writ denied). This is true even where the contempt order is appealed along with a judgment that is appealable. See In re Gonzalez, 993 S.W.2d 147, 157 (Tex.App.-San Antonio 1999, no pet.); Sebek, 892 S.W.2d at 54. Habeas corpus is the proper form of relief from contempt orders. See AM, 974 S.W.2d at 861. The Texas Supreme Court has recently held, "[c]ontempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus." See In re Long, 984 S.W.2d 623, 625 (Tex. 1999) (citing Rosser v. Squier, 902 S.W.2d 962, 962 (Tex.1995)). Accordingly, we lack jurisdiction to consider Guinn's attack on the coercive contempt order in his first, second, and fifth issues.
Guinn next contends the court only had authority to find and adjudicate the total amount of arrearage, and not to order periodic payments. See Tex. Fam. Code Ann. § 157.005(b) (Vernon Supp. 2000) (court has jurisdiction, subject to time limitations, to confirm total amount of arrearages and render judgment for past due child support); Tex. Fam. Code Ann. § 157.263 (Vernon 1996) (court shall confirm amount of arrearages and render one cumulative money judgment). Guinn asserts that after finding and adjudicating the arrearage, the trial court was limited by section 157.264 to enforcing the order by either withholding wages or imposing a lien. See Tex. Fam. Code Ann. § 157.264 (Vernon 1996) (authorizing enforcement by withholding income and "by any means available for the enforcement of a judgment for debts").
In interpreting a statute, a court must diligently attempt to determine and give effect to the legislature's intent. See Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex.1999). Legislative intent must be determined from the entire act, not from isolated portions thereof. See Acker v. Texas Water Comm'n, 790 S.W.2d 299, 301 (Tex.1990).
Construing section 157.263 of the family code, which requires the court to render one cumulative judgment, with other sections of chapters 157 and 158, we conclude that a trial court does not abuse its discretion by breaking child support arrearages into periodic payments after having rendered a cumulative money judgment. Sections 157.005(b), 157.262, and 157.263 permit confirmation and reduction of an arrearage to money judgment. See Tex. Fam. Code Ann. §§ 157.005(b), 157.262, 157.263 (Vernon 1996 & Supp.2000). Section 157.263 provides that a court shall confirm and render one cumulative judgment. See Tex. Fam. Code Ann. § 157.263 (Vernon 1996). Significantly, no provision expressly precludes a court from reducing an arrearage to periodic payments after arriving at a cumulative judgment. Thus, the precise language of the statute does not prohibit the trial court's action in the instant case. After confirming and reducing the arrearage to one cumulative money judgment, the court was not prohibited from dividing the arrearage into periodic payments. Having reduced the arrearage into monthly installments, collection of the arrearages was then authorized by wage withholding or the imposition of a child support lien. See Tex. Fam. Code Ann. § 157.264 (Vernon 1996). In addition, enforcement by withholding wages, which is a mandatory method of enforcement, see Tex. Fam. Code Ann. §§ 158.003, 158.004 (Vernon 1996), necessarily requires the arrearage to be broken into periodic payments. *210 This is because a court that orders income withheld for arrearages must do so in a manner that discharges the arrearages within two years. See Tex. Fam. Code Ann. § 158.004 (Vernon 1996).
Further supporting the notion that a court may reduce an arrearage judgment to periodic installments, section 157.267 allows the enforcement of accrued interest on child support by any means provided for the collection of child support. One of the means available for collection of child support is the ordering of periodic payments. See Tex. Fam. Code Ann. § 154.001 (Vernon 1996). We do not believe the legislature intended to authorize periodic payments for interest on child support arrearages while precluding the same for principal.
Finally, in Starck v. Nelson, 878 S.W.2d 302, 308 (Tex.App.-Corpus Christi 1994, no writ), we observed that "[t]he amount of arrearage to be paid each month is determined by the court and is subject to review for an abuse of discretion." Id. (emphasis added) (citing Tamez, 822 S.W.2d at 692); cf. Moore v. Brown, 993 S.W.2d 871, 872 (Tex.App.-Fort Worth 1999, pet. denied) (discussing a judgment ordering past-due child support in monthly installments). In Starck, the appellant challenged the amount of arrearage payments after the trial court ordered him to pay arrearages of $200 monthly. See Starck, 878 S.W.2d at 305, 308-09. We noted that arrearages are enforced through income withholding orders, and that up to 50% of the disposable earnings may be withheld for child support and arrearage payments. See id. at 308. Because the monthly arrearage payments exceeded the permissible percentage to be withheld from the appellant's earnings, we held the court abused its discretion in determining the amount of monthly payments. See id. at 309. Although we did not address whether an arrearage may be properly reduced to periodic payments, we implicitly authorized such action. See id.
Guinn cites In re Dickinson, 829 S.W.2d 919, 921 (Tex.App.-Amarillo 1992, orig. proceeding), for the proposition that by allowing accrued arrearages to be enforced through periodic installments, the trial court would allow contempt proceedings to be brought for an indefinite period of time after adulthood. See id. In Dickinson, because the appellant failed to file her enforcement motion within the statutorily prescribed period, that is, within six months of the child becoming an adult, as provided in former family code section 14.40(b) (currently section 157.005(a)), the court of appeals concluded that the trial court lacked jurisdiction to enforce the child support order by contempt. See id. at 922. The court expressed concern that a court should not be able to extend contempt jurisdiction beyond six months after the child becomes an adult by ordering periodic payments beyond that time. See id. at 921-22.
In the present case, by contrast, the order of periodic payments does not form the basis of the trial court's contempt jurisdiction. Rather, the Attorney General invoked contempt jurisdiction by filing a motion to enforce within the six month window. See Tex. Fam. Code Ann. § 157.005(a) (Vernon 1996). Accordingly, Guinn's liability for the arrearage continued because the Attorney General filed the contempt motion before the child support obligation ended. See Ex Parte Beaupre, 915 S.W.2d 228, 231 (Tex.App.-Fort Worth 1996, no writ) (because trial court entered contempt order before termination of child support obligation, liability for the support payments and arrearage continued). We hold that the trial court did not abuse its discretion in reducing a child *211 support arrearage to periodic payments. Guinn's first, second, and fifth issues are overruled.
By his third issue, Guinn asserts the court lacked authority to order that his licenses could be suspended by the Attorney General if he failed to pay as ordered, and asserts that this portion of the order violated his rights under article I, section 19 of the Texas Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution. However, the Attorney General is authorized to pursue an administrative license suspension where the obligor fails to make payments towards child support arrearage. See TEX. FAM. CODE ANN. § 232.003 (Vernon 1996). Thus, this provision in the order extends no power to the Attorney General that did not already exist. Guinn argues that his means of livelihood would be impaired by the imposition of a license suspension. He does not, however, explain how the warning that his license may be suspended in accordance with existing law impinges on his rights to due process or due course under the United States and Texas Constitutions, respectively. We conclude that the provision informing Guinn that his licenses could be suspended by the Attorney General if he failed to pay as ordered, although unnecessary, did not harm Guinn and does not amount to reversible error. See TEX. R. CIV. P. 44.1. Accordingly, Guinn's third issue is overruled.
The judgment of the trial court is AFFIRMED.
NOTES
[1] We cite to the current version of the family code throughout, because any changes made are immaterial for purposes of this appeal.
[2] The original motion filed in Harris County is not included within the record. Nonetheless, the motion filed in Victoria County contains a file stamp from Harris County dated September 30, 1996. Moreover, Guinn conceded during the motion to enforce hearing that the motion was filed September 30, 1996.
[3] The record reflects that the youngest child was born August 7, 1979, and would have turned eighteen years old August 7, 1997.
[4] The record contains no indication of when Guinn was actually incarcerated.
[5] We note that although Guinn was released from custody after the trial court entered the civil contempt order, his appeal is not moot. This is because Guinn may suffer "collateral consequences" from the still valid order. See Ex parte Young, 724 S.W.2d 423, 425 (Tex. App.Beaumont 1987, no writ); see also State v. Lodge, 608 S.W.2d 910, 912 (Tex. 1980) (recognizing collateral consequences exception to mootness doctrine).