In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-570 CV


____________________



IN THE INTEREST OF A.R.M., G.O.M., D.G.M., AND P.O.M.







On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 46922






MEMORANDUM OPINION (1)


 Glenn Owen Miller appeals an order revoking community supervision. (2) The record
before us reflects that on March 21, 2001, Miller was found to be in contempt of court for
failing to make child support payments to his ex-wife. At that time, Miller was in arrears
in the amount of $55,667.31. The trial court ordered Miller committed to the Liberty
County Jail for a period of 180 days. The trial court suspended commitment of Miller to
jail and placed him on community supervision for a term of 120 months, and required
Miller to meet certain terms and conditions of community supervision. Two of the terms
and conditions listed were "pay current child support as ordered," and "pay the child
support arrearage as ordered herein[.]" 

 On February 20, 2003, the attorney general's office filed a motion to revoke
Miller's community supervision alleging Miller failed to timely pay current child support
and child support arrearage pursuant to the March 21, 2001, court order. A hearing was
held on October 21, 2003, and the trial court revoked Miller's community supervision and
imposed its prior commitment to the Liberty County Jail for the 180-day period. 

 Miller appeared before the trial court pro se, and does so before this Court. He has
prosecuted this appeal with the filing of brief-like instruments entitled "Motion To Set
Aside Final Judgment." The majority of the contents of these "briefs," with the exception
of certain attached "exhibits," relate to or describe events or circumstances entirely
extrinsic to the trial record. The reporter's record from the revocation hearing is a mere
nineteen pages. Miller's "briefs" include complaints such as "abuse of power" by the trial
court during the revocation hearing, the unconstitutional nature for imprisoning a person
for a debt in Texas, the "misleading and false" nature of the punitive contempt allegations,
and an attack on the March 21, 2001, judgment because of a number of "informational
blanks" contained therein. Certain portions of the "briefs" are virtually incomprehensible
when taken in the context of a revocation proceeding under the Family Code. The relief
sought by Miller per his "briefs" is for this Court to "overturn the final judgment and
expunge all criminal history from this case from Appellant's records." Magnanimously,
Miller does not ask for financial relief from this Court "at this time." 

 After a careful examination of Miller's "briefs," it appears that all of his appellate
"issues" concern his being held in contempt and being incarcerated for 180 days. As
courts of appeals generally do not have jurisdiction to review contempt orders by way of
direct appeal, we must dismiss Miller's appeal for want of jurisdiction. See In the Interest
of T.L.K., 90 S.W.3d 833, 841 (Tex. App.--San Antonio 2002, no pet.); In the Interest
of M.E.G., 48 S.W.3d 204, 208-09 (Tex. App.--Corpus Christi 2000, no pet.). Had
Miller complained of another portion of the revocation order apart from the imposition of
sentence for contempt, appellate jurisdiction would have been invoked. See In the Interest
of M.E.G., 48 S.W.3d at 208-09. Habeas corpus is the proper form of relief from
contempt orders that involve confinement. Id. at 209. See also In re Long, 984 S.W.2d
623, 625 (Tex. 1999) (citing Rosser v. Squier, 902 S.W.2d 962 (Tex. 1995)). We
therefore dismiss Miller's appeal for want of jurisdiction. 

 APPEAL DISMISSED.


 PER CURIAM



Submitted on September 29, 2004

Opinion Delivered October 21, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. It appears the proceedings surrounding Miller's adjudication for contempt and the
later revocation of community supervision were conducted pursuant to Chapter 157 of the
Texas Family Code. See Tex. Fam. Code Ann. §§ 157.001 - 157.426 (Vernon 2002 &
Supp. 2004).