In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-03-512 CV


____________________



IN THE INTEREST OF A.C.P.








On Appeal from the 1st District Court


Jasper County, Texas


Trial Court Cause No. 18713






MEMORANDUM OPINION


 Andrew and Melissa Pearson were divorced in 1996. Pursuant to the divorce decree,
Melissa was named sole conservator of their minor child, A.C.P. The decree provided
Andrew's earnings were to be withheld for child support in the amount of $400.00 per
month. When Melissa subsequently applied for public assistance for A.C.P., she assigned
her right to collect child support to the Attorney General. See Act of April 6, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Gen. Laws. 249 (current version at Tex. Fam. Code Ann. §
231.104 (Vernon Supp. 2004-05)). The trial court entered an "Order Enforcing Child
Support Obligation," in which it found Andrew to be $7,891 in arrears and entered judgment
in favor of the Attorney General in that amount, with interest at twelve percent per annum. 
The trial court ordered Andrew to pay $250 toward the arrearage each month until it was paid
in full. 

 In October 2002, Andrew filed a petition to modify parent-child relationship, in which
he sought to be named sole managing conservator of A.C.P. and to have Melissa pay child
support. In his petition, Andrew said A.C.P.'s present living environment might endanger
A.C.P.'s physical health or emotional development. The Attorney General intervened in the
modification proceeding and sought judgment against Andrew for unpaid child support of
$18,230.49. At the hearing on Andrew's motion to modify, Melissa said she was willing to
pay child support, but wanted Andrew to pay the arrearage he owed. Andrew testified the
Attorney General's office never applied the extra $250 per month toward the arrearage, but
instead paid it directly to Melissa. Melissa testified she had been receiving $150 per week
in child support, and she knew the court had ordered support in the amount of $400 per
month. Melissa denied receiving any support payments that were not handled through the
District Clerk, the Attorney General's office, or the state disbursement unit. Andrew stated
the arrearage judgment had ruined his credit, leaving him unable to purchase a home for his
family, and he asked the trial court to dismiss the arrearage and order the Attorney General
to remove the debt from his credit report. Melissa requested the court enter a judgment
against Andrew for $17,822.41. At a subsequent hearing, at which Melissa was not present,
Andrew's counsel stated "[n]obody knows where [Melissa's] at." (1) Andrew's counsel
requested Melissa be ordered to pay $150 per month, and that said amount be taken out of
the arrears owed by Andrew. The Attorney General and Andrew's counsel agreed the
amount of the arrearage was $15,630.49.

 The trial court signed an order granting Andrew's request to be sole managing
conservator of A.C.P. In its judgment, the trial court released Andrew from the $15,630.49
judgment of arrears, ordered Melissa to pay the arrearage judgment previously owed by
Andrew, ordered Melissa to pay $150 per month to the Attorney General toward the
arrearage previously owed by Andrew instead of paying "regular child support payments,"
ordered that all withholding from Andrew's earnings and income tax refunds cease, ordered
that the arrearage judgment be released from Andrew's credit report, and ordered Melissa to
pay $150 per month in current support after she had paid the full amount of the arrearage. 
The Attorney General filed a request for findings of fact and conclusions of law, as well as
a motion for new trial. (2) The trial court signed an order denying the Attorney General's
motion for new trial. After filing a request for additional findings of fact and conclusions of
law, the Attorney General appealed. The trial court never made additional findings of fact
or conclusions of law. Andrew has not filed a brief in this appeal.

 We review the trial court's order under an abuse of discretion standard. See Attorney
Gen. of Texas v. Stevens, 84 S.W.3d 720, 722 (Tex. App.-- Houston [1st Dist.] 2002, no pet.)
(citing In re M.E.G., 48 S.W.3d 204, 207 (Tex. App.--Corpus Christi 2000, no pet.)). "The
test for abuse of discretion is whether the trial court acted without reference to any guiding
rules or principles; in other words, whether the act was arbitrary or unreasonable." Stevens,
48 S.W.3d at 722. A trial court abuses its discretion when it fails to correctly analyze or
apply the law. Id.

 In the first and second issues, the Attorney General argues the trial court erred by
releasing Andrew from the arrearage and assigning the obligation to pay the arrearage to
Melissa. Section 157.262 of the Family Code provides as follows:

 (a) Except as provided by this section, in a contempt proceeding or in
rendering a money judgment, the court may not reduce or modify the
amount of child support arrearages.

 (b) In an enforcement action under this chapter, the court may, with the
agreement of the Title IV-D agency, hold in abeyance the enforcement
of any arrearages, including interest, assigned to the Title IV-D agency
under Section 231.104(a) if, for the period of the court's order of
abeyance of enforcement, the obligor:

 (1) timely and fully pays the obligor's current child support under
a court or administrative order; and

 (2) is involved in the life of the child for whom support is ordered
through the exercise of the obligor's right of possession of or
access to the child.


Tex. Fam. Code Ann. § 157.262(a), (b) (Vernon 2002). Section 157.262(a) expressly
prohibits the trial court from reducing or modifying the amount of arrearages, and the
exception provided by section 157.262(b) is not applicable to the instant case. (3) Id; see also 
In the Interest of M.C.R., 55 S.W.3d 104, 109 (Tex. App.--San Antonio 2001, no pet.). The
trial court lacks discretion to reduce the arrears. See Id. at 108-10. Therefore, the trial court
abused its discretion by forgiving the arrears which had already accrued pursuant to the valid
order of support and assigning the arrears payment obligation to Melissa. See Marichal v.
Marichal, 768 S.W.2d 383, 386 (Tex. App.--Houston [14th Dist.] 1989, writ denied). 
Because the trial court's order effectively reduced the arrearage owed by Andrew to zero in
violation of section 157.262(b), the trial court abused its discretion. See Tex. Fam. Code
Ann. § 157.262(b) (Vernon 2002). Issues one and two are sustained. 

 In his third issue, the Attorney General says the trial court abused its discretion by
ordering that the child support judgment bear no interest. Interest automatically accrues on
child support judgments. See Tex. Fam. Code Ann. § 157.265(b) (Vernon 2002); see also
Office of the Attorney Gen. of Tex. v. Lee, 92 S.W.3d 526, 528 (Tex. 2002). The Family
Code contains no provisions authorizing the trial court to order that the child support
judgment bear no interest. The Attorney General's third issue is sustained.

 In his fourth issue, the Attorney General argues the trial court abused its discretion by
ordering that no amounts may be withheld from Pearson's earnings or tax refunds, and his
arrearage may not be reported to credit agencies. The trial court's order provided as follows: 
 IT IS FURTHER ORDERED that MELISSA MARIE ANTHEM is
ORDERED to pay the judgment and arrears previously owed by ANDREW
CODY PEARSON. IT IS FURTHER ORDERED that in lieu of making
regular child support payments to ANDREW CODY PEARSON, MELISSA
MARIE ANTHEM is ORDERED to pay to the Office of the Attorney General
. . . the amount of $150.00 per month towards the judgment and arrearage
previously owed by ANDREW CODY PEARSON totaling $15,630.49 for as
long as ANDREW CODY PEARSON remains sole managing conservator of
the child and until $15,630.49 has been paid in full. No interest shall accrue
on this amount. Thereafter, as long as ANDREW CODY PEARSON remains
sole managing conservator, IT IS ORDERED that MELISSA MARIE
ANTHEM pay the support stated above to ANDREW CODY PEARSON for
as long as the child is eligible for child support according to the Texas Family
Code. IT IS FURTHER ORDERED that no amounts shall be withheld from
the earnings of ANDREW CODY PEARSON or ANDREW CODY
PEARSON's income tax refund for as long as he remains managing
conservator. IT IS FURTHER ORDERED that the judgment be released from
ANDREW CODY PEARSON's credit report.


We have held the trial court abused its discretion by requiring Melissa to pay the arrears
owed by Andrew. Andrew still owes the arrearage, and the Family Code requires
withholding from Andrew's earnings or tax refunds. See Tex. Fam. Code Ann. §§158.001,
158.003(a), 158.004, 158.005, 158.006 (Vernon 2002). The Family Code also requires Title
IV-D agencies (such as the Attorney General's office) to report information to consumer
reporting agencies as to the amount of support owed by the obligor. See Tex. Fam. Code
Ann. § 231.114(a) (Vernon 2002). The trial court abused its discretion by ordering no
amounts would be withheld from Andrew's earnings or tax refunds in payment of the
arrearage, as well as by ordering that the arrearage judgment be released from Andrew's
credit report. Issue four is sustained.

 In issue five, appellant contends the trial court abused its discretion by ordering
Melissa to pay Andrew's arrearage judgment before beginning to pay current support. Each
parent has a duty to support his or her child. See Act of May 23, 2001, 77th Leg., R.S., ch.
964, § 2, 2001 Tex. Gen. Laws 1932 (current version at Tex. Fam. Code Ann. §
151.001(a)(3)(Vernon 2004)). At the hearing on Andrew's motion to modify, Melissa
testified she would be willing to pay child support if ordered to do so. The trial court abused
its discretion by ordering Melissa to pay toward the arrearage she did not owe before paying
current support. Issue five is sustained.

 The judgment of the trial court is reversed, and this cause is remanded to the trial court
for entry of a judgment consistent with this opinion.

 REVERSED AND REMANDED. PER CURIAM 


Submitted on September 29, 2004

Opinion Delivered December 16, 2004


 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. During a subsequent hearing on the Attorney General's motion for new trial,
Andrew's counsel stated A.C.P. had been living with Andrew for at least two years.
2. The trial court's findings of fact and conclusions of law stated as follows:

Findings of Fact

 1. The standard guidelines in this case would be unjust or inappropriate;

 The child currently resides with the father and the mother has been in and out of
rehabilitation centers due to a continuous drug problem. The father owes arrearage which
was being withheld from his income each paycheck as well as his income tax refund and
forwarded to the mother, whereby taking from the child. It would be in the best interest of
the child that no further amounts be withheld from the earnings of the father from his
employer nor his income tax refund. It would be in the best inerest [sic] of the parties and
the child that instead of MELISSA MARIE ANTHEM paying support to the father, she make
the payments to the office of the Attorney General and those funds to be applied to the
arrearage of ANDREW CODY PEARSON. MELISSA MARIE ANTHEM was not at the
hearing and there was no objections [sic] raised by MELISSA MARIE ANTHEM to any of
the proceedings, nor have any objections been raised since by MELISSA MARIE ANTHEM.

Conclusions of Law

 1. The Original Petition filed by ANDREW CODY PEARSON and the counterclaim
filed by [sic] is in due form and contain [sic] all the allegations required by law. 

 2. This Court has jurisdiction of the parties and of the subject matter of this case. 

 3. All legal prerequisites have been met.

 4. Respondent be [sic] responsible for paying $150.00 per month to the Office of the
Attorney General to be applied to the arrearage owed by ANDREW CODY PEARSON. 
3. The trial court's order does not mention section 157.262(f) of the Family Code, which
provides:


 (f) The money judgment for arrearages rendered by the court may be subject to
a counterclaim or offset as provided by this subchapter. 


Tex. Fam. Code Ann. § 157.262(f) (Vernon 2002). See also Lewis v. Lewis, 853 S.W.2d
850, 852-853 (Tex. App.--Houston [14th Dist.] 1993, no writ). We also find no pleadings
in the record requesting a counterclaim or offset pursuant to section 157.262(f).