Affirmed in Part and Dismissed in Part and Memorandum Opinion filed
February 28, 2006









Affirmed in Part and Dismissed in Part and Memorandum
Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01098-CV

____________

 

 

IN THE
INTEREST OF C.M. & O.M.

 

________________________________________________

 

On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 92-61604

________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellee Jennifer Yvette
Landheart moved for enforcement of child support against appellant Randy David
Moore.  Following a hearing on Landheart=s motion
for enforcement, the trial court entered an order holding Moore in contempt for
failing to timely pay monthly child support. 
The trial court also entered an order clarifying Moore=s monthly
child support obligations.  Moore appeals
both orders.  For the reasons set forth
below, we dismiss in part and affirm in part.








I.  Factual and Procedural Background

On
January 10, 1994, the 245th District Court of Harris County entered an Agreed
Order to Establish a Parent-Child Relationship (the AAgreed
Order@)
providing for the support of Landheart and Moore=s minor
children, C.M. & O.M.  Under the
terms of the Agreed Order, Moore was ordered to pay Aregular
child support payments in the sum of $500.00 each month beginning the 1st day
of February 1994, payable on or before the date and on or before the same day
each month thereafter . . . .@  The order required that all payments be made
through the registry of the court, and explained that amounts withheld by Moore=s
employer Aas set out more fully in [the
Wage Withholding Order] . . . shall constitute a credit against Obligor=s child
support obligation, but shall not discharge any of Obligor=s child
support obligation which exceeds the amount so credited.@  Pursuant to the terms of the Wage Withholding
Order referred to in the Agreed Order, Moore=s
employer began withholding $115.39 from Moore=s weekly
paycheck. 

On April 28, 2003, Landheart
filed a motion for enforcement of the Agreed Order, alleging that Moore=s child
support payments were in arrears by $653.76. 
She asked the trial court to hold Moore in contempt for failing to
timely pay child support, and to enter an order clarifying any part of the
Agreed Order lacking sufficient specificity to be enforced by contempt.  At the hearing on Landheart=s motion,
she offered additional grounds for holding Moore in contempt.  Specifically, she asked the trial court to
find Moore in contempt because he was paying $115.39 per week via wage
withholding instead of paying $500.00 on the first day of the month.  








On June 27, 2003, the trial court
signed two written orders.  In its Order
on Motion for Enforcement of Child Support (the AEnforcement
Order@), the
trial court found that Moore was not timely in making all of his court-ordered
child support payments.  The trial court
also found that Moore=s failure
to make timely payments was Aa
violation of [the court=s] orders
and a contemptible offense.@  Although the trial court adjudged Moore to be
in contempt for the violations, Moore was not incarcerated or fined, but was
ordered to pay Landheart=s
attorney=s fees
and court costs.  In its Order Clarifying
Monthly Child Support Obligation (the AClarifying
Order@), the
trial court amended the 1994 Agreed Order to recite the terms and payment
schedule of the Wage Withholding Order. 
The amounts due and the intervals of payment remained the same.

Moore filed a Motion for
Reconsideration asking the court to grant a new trial, but his motion was
denied.  This appeal followed.

II.  Issues Presented

In two issues, Moore contends (1)
the trial court erred when it found him in contempt, and (2) the trial court
lacked jurisdiction to clarify the Agreed Order.  Landheart did not file a brief.  Before addressing the merits of Moore=s first
issue, however, we must determine whether we have jurisdiction to do so.

III.  Analysis

A.        Does This Court Have Jurisdiction to
Review the Trial Court=s Contempt Finding?

Moore contends the trial court=s order
of contempt is void because Landheart=s motion
for enforcement made no reference to any violation of the Wage Withholding
Order.  Accordingly, he argues, the trial
court erred by finding him in contempt for any perceived violations of that
order.








We are obligated to determine,
sua sponte, our jurisdiction to hear and consider an appeal.  Espeche v. Ritzell, 65 S.W.3d 226, 230
(Tex. App.CHouston [14th Dist.] 2001, no
pet.).  Because the question of
jurisdiction is a legal question, we follow the de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998).  We do
not presume jurisdiction.  El-Kareh v.
Tex. Alcoholic Beverage Comm=n, 874
S.W.2d 192, 194 (Tex. App.CHouston
[14th Dist.] 1994, no pet.).  If the
record does not affirmatively demonstrate the appellate court=s
jurisdiction, the appeal must be dismissed. 
Id.

Courts of appeals generally do
not have jurisdiction to review contempt orders by way of direct appeal.  In re M.E.G., 48 S.W.3d 204, 209 (Tex.
App.CCorpus
Christi 2000, no pet.); In re T.L.K., 90 S.W.3d 833, 841 (Tex. App.CSan
Antonio 2002, no pet.).  This is true
even where the contempt order is appealed along with a judgment that is
appealable.  M.E.G., 48 S.W.3d at
209.  Where the contempt order involves
confinement, habeas corpus is the proper form of relief.  Id. 
Where the contempt order does not involve confinement, Athe only
possible relief is a writ of mandamus.@  In re Long, 984 S.W.2d 623, 625 (Tex.
1999).  Because the contempt order at
issue does not order confinement, it must be challenged through a petition for
a writ of mandamus.  Because we are
without jurisdiction to consider this issue as presented on direct appeal,
Moore=s appeal
of the contempt order is dismissed.

B.        Did the Trial Court Err by Clarifying the Terms of the Agreed
Order?

Moore next argues the trial court did not have
jurisdiction to make any corrections to the original Agreed Order because its
plenary jurisdiction had expired.  This
argument is without merit.  For example,
a trial court may enter a judgment nunc pro tunc to correct a clerical error at
any time, even after it has lost jurisdiction over the case.  In re Bridges, 28 S.W.3d 191, 195 (Tex.
App.CFort
Worth 2000, orig. proceeding); Tex. R.
Civ. P. 316.  In addition, a court
of continuing jurisdiction in a suit affecting the parent-child relationship
may clarify a prior order that is not specific enough to be enforced by
contempt.  Tex. Fam. Code Ann. ' 157.421
(Vernon 2002).[1]  Moore does not contend that this statute is
inapplicable, nor does he argue that the Agreed Order was sufficiently specific
to be enforced by contempt in the absence of clarification.








Moore next contends that the
Clarifying Order modifies the Agreed Order rather than simply correcting
clerical errors.  However, Moore offers no support
for this argument.  He does not discuss
the content of either order, identify any substantive change, or point out any
obligation imposed by the Clarifying Order that was not already imposed by the
Agreed Order.  Cf. McGehee v. Epley, 661 S.W.2d 924, 925B26 (Tex. 1983) (an order imposing a
specific obligation to pay where no such obligation had previously existed is
an unlawful substantive change, not a mere clarification or correction of a
clerical error).  

Where appellant=s stated
issues are not supported by authorities or citation to the record, but instead
contain mere conclusory argument, those issues are waived.  Tacon Mech. Contractors, Inc. v. Grant
Sheet Metal, Inc. 889 S.W.2d 666, 671 (Tex. App.CHouston
[14th Dist.] 1994, writ denied). 
Accordingly, we overrule Moore=s second
issue.

IV.  Conclusion

We hold that this court lacks jurisdiction to
consider the contempt order on a direct appeal, and therefore, we dismiss the
appeal of that issue.  We further hold
that Moore has waived his issues pertaining to the Clarifying Order and we
affirm that portion of the trial court=s
judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

 

 











[1]  Moore does not
contend that the Clarifying Order was not permitted by section 157.421.