

# NUMBER 13-11-00200-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

### IN THE MATTER OF THE MARRIAGE OF
### STARLA SNEAD AND TRAVIS LEE SNEAD
### AND IN THE INTEREST OF D.L.S. AND W.A.S., MINOR CHILDREN

### On appeal from the 75th Judicial District Court
### of Liberty County, Texas

_____

# MEMORANDUM OPINION[1]

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Travis Lee Snead appeals the trial court's "Final Decree of Divorce

Nunc Pro Tunc" and also attempts to appeal from a contempt order enforcing visitation

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

provisions in the original divorce decree.[2]  The divorce decree and contempt order are both dated November 30, 2010.

By two issues, Travis argues that:  (1) because he was not in contempt if the decree nunc pro tunc is considered, the trial court committed reversible error when it signed the written order of contempt against him, moments after it corrected the original divorce decree by entering the "Final Decree of Divorce Nunc Pro Tunc;" and (2) even though the trial court stated that the effective date of the decree nunc pro tunc was November 30, 2010, the decree actually relates back to the date of the original "Final Decree of Divorce," dated March 9, 2009.  We modify the effective date language in the "Final Decree of Divorce Nunc Pro Tunc" and affirm that judgment as modified.  We dismiss Travis's appeal from the contempt action for lack of jurisdiction.

## I. BACKGROUND

On November 11, 2000, Travis and Starla Snead were married.  Two children were born of this marriage, D.L.S. and W.A.S.  On March 9, 2009, a decree of divorce was signed.  No appeal was taken after its entry.

On August 13, 2009, Travis filed a motion for judgment nunc pro tunc arguing that the decree of divorce included three scrivener's errors which we summarize below:

(a) Travis was supposed to get extended weekend visits in that his visitation time was supposed to end at 8:00 a.m. on Monday;

(b) Starla received a $ 5,000.00 judgment against Travis; there was to be no personal judgment against Travis but money was to come from his parents if they ever paid it;

(c) Travis was to receive phone calls from his children each day between 7:00 p.m. and 8:00 p.m., or be able to call them during that time.

---

[2] In order to protect the minor children's identities, we use aliases to identify the children mentioned in this appeal.  *See generally* TEX. R. APP. P. 9.8.

On August 31, 2010, Starla filed a petition for enforcement of possession order and final decree of divorce by contempt. In her petition, Starla alleged, among other things, that Travis failed to timely return the children on multiple occasions. On October 25, 2010, the trial court held a hearing on Starla's enforcement petition. The court found that Travis failed to timely return the children on multiple occasions, and held Travis in contempt. The trial court sentenced Travis to serve five days in jail for each of the violations, but suspended the sentence, placed Travis on probation for a period of one year, and awarded Starla $1,250 in attorney's fees.

On November 30, 2010, the trial court held a hearing on Travis's motion for judgment nunc pro tunc. During this hearing, Travis argued that the divorce decree was not entered in accordance with the verbal agreement which had been recited into the record during the divorce hearing. The trial court granted Travis's motion for judgment nunc pro tunc, but further specified by means of an interlineation on the face of the judgment, that the effective date of the judgment nunc pro tunc would be November 30, 2010. In other words, the judgment nunc pro tunc would not apply retroactively to the date of the original decree of divorce. In addition, the trial court signed the order of contempt notwithstanding the fact that it was based on conduct that was permitted under the judgment nunc pro tunc.

## II. DISCUSSION

### A. Appeal from Judgment Nunc Pro Tunc

By his second issue, Travis argues that the divorce decree nunc pro tunc should be retroactively effective as of March 9, 2009 (date of original decree of divorce), and

not November 30, 2010 (date of judgment nunc pro tunc).[3]  The trial court wrote on the divorce decree nunc pro tunc that, "[t]he portions of the order revised are effective from & after this date."  As set forth below, we agree with Travis that the effective date of the divorce decree nunc pro tunc is March 9, 2009.

A party may appeal from an order granting judgment nunc pro tunc, provided he may only raise complaints that would not apply to the original judgment.  *See* TEX. R. APP. P. 4.3(b); *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 390–91 (Tex. 2008).  The proper effective date of a judgment nunc pro tunc is a question of law, and therefore, we review Travis's first issue under a de novo standard of review.  *See Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.) (providing that a question of law is subject to de novo review on appeal); *Brooks v. Brooks*, 864 S.W.2d 645, 647 (Tex. App.—Tyler 1993, no writ) (holding appeal from divorce decree nunc pro tunc challenging trial court's authority to enter certain provisions presented only questions of law).

A judgment nunc pro tunc may be made to correct a clerical error that was made in entering judgment, but may not be used to correct a judicial error in rendering judgment.  *See* TEX. R. CIV. P. 316; *Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 572 (Tex. App.—Texarkana 2004, no pet.).  A judgment nunc pro tunc does not disturb the initial judgment rendered by the trial court; it merely brings the court records into conformity with it.  *Daniels*, 142 S.W.3d at 572 (citing *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402 (Tex. 1971)).  Accordingly, a judgment nunc pro tunc,

---

[3]  At the very end of the portion of his brief addressing issue two, and just before his prayer for relief, Travis states, "Ultimately, the retroactive nature of the Judgment Nunc Pro Tunc invalidates and/or nullifies the improper and erroneous Order of Contempt issued by the trial court against the Appellant, Travis Lee Snead, for his violation of what all parties agreed was an invalid and incorrectly transcribed order."  We address this attempted challenge to the contempt order below in the portion of this memorandum opinion that addresses appellant's first issue.

4

although signed later, relates back to the date of the original judgment and is effective as of the earlier date. *Id.* at 573; *see also In re M.V.*, No. 14-08-00418-CV, 2009 WL 6407539, at *3 (Tex. App.—Houston [14th Dist.] Sep. 1, 2009, no pet.) (mem. op.).

In this case, the trial court entered the divorce decree nunc pro tunc to correct clerical errors in the transcription of the original divorce decree entered on March 9, 2009. None of the clerical errors corrected pertained to the date of the original divorce decree. We conclude that Travis is correct that the effective date of the "Final Decree of Divorce Nunc Pro Tunc" is March 9, 2009. *See e.g.*, *Daniels*, 142 S.W.3d at 573; *In re M.V.*, 2009 WL 6407539, at *3. We sustain Travis's second issue on appeal.

## B.  Jurisdiction to Consider Contempt Order

By his first issue, Travis seeks to appeal the trial court's contempt order signed the same day that the judgment nunc pro tunc was signed. Courts of appeals generally do not have jurisdiction to review contempt orders by way of ordinary appeal. *See In re M.E.G.*, 48 S.W.3d 204, 209 (Tex. App.—Corpus Christi 2000, no pet.); *In re A.M.,* 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.); *Metzger v. Sebek,* 892 S.W.2d 20, 54–55 (Tex. App.—Houston [1st Dist.] 1994, writ denied). This is true even where the contempt order is appealed, along with a judgment that is appealable. *See In re M.E.G.*, 48 S.W.3d at 209; *In re Gonzalez,* 993 S.W.2d 147, 157 (Tex. App.—San Antonio 1999, no pet.); *Sebek,* 892 S.W.2d at 54–55. Habeas corpus is the proper form of relief from contempt orders by which confinement is ordered. *See A.M.,* 974 S.W.2d at 861. The Supreme Court of Texas has held "[c]ontempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and that the only possible

relief is a writ of mandamus." *See In re Long,* 984 S.W.2d 623, 625 (Tex. 1999); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re M.E.G.*, 48 S.W.3d at 209.

Travis's first issue on appeal pertains solely to the trial court's order of contempt. This court lacks jurisdiction to review a contempt order by way of ordinary appeal, even if the contempt order is appealed along with an appealable judgment. *See M.E.G.*, 48 S.W.3d at 209. Accordingly, we do not have jurisdiction to consider Travis's first issue.

## III. CONCLUSION

We dismiss appellant's attempted appeal from the trial court's contempt order for lack of jurisdiction. We modify the trial court's Final Decree of Divorce Nunc Pro Tunc to delete the line which states, "The portions of the order revised are effective from and after this date." *See* TEX. R. APP. P. 43.2(b). In its place we substitute, "This Final Decree of Divorce Nunc Pro Tunc is effective as of March 9, 2009." *See id.* We affirm the trial court's "Final Decree of Divorce Nunc Pro Tunc" as modified.

_____
Gregory T. Perkes
Justice

Delivered and filed the
16th day of August, 2012.

6