

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00034-CV

IN RE ESTATE OF ELYWN O. DOGGETT, DECEASED

On Appeal from the County Court at Law
Cherokee County, Texas
Trial Court No. P10698

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

John Doggett appeals an order resulting from contempt proceedings. We dismiss this appeal for want of jurisdiction.

Elywn O. Doggett and his wife, Mary Leone Langdon Doggett, had two children, Marilyn Doggett Stasila and Jerry Doggett. After Elywn's and Mary's deaths, Marilyn filed an application to probate Elywn's will and was approved as independent executrix. After Jerry's death, his son and independent executor, John Doggett, sued Elywn's estate in a declaratory judgment action to "determine the extent of the gift" to Marilyn of a valuable, 227.811-acre tract of land in Cherokee County adjoining Lake Palestine (Property).[1] After a mediation, the trial court entered a final judgment in 2016 that recited Marilyn and John "had resolved their differences and ha[d] agreed to the distribution of [P]roperty."

In 2018, after a disagreement with John about the proper allocation line between the parties' respective tracts, Marilyn filed a motion for enforcement of the trial court's order by contempt and, in the alternative, a finding that John breached a Rule 11 agreement in open court because he had allegedly agreed to her proposed allocation line in 2016. Marilyn requested either that John be held in contempt or found in breach of a Rule 11 agreement, or that the trial court clarify its judgment if it found that it was not specific enough to be enforced by contempt. The same judge that had entered the 2016 final judgment presided over a hearing on Marilyn's motion

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

for contempt regarding it. After an evidentiary hearing on the motion, the trial court declined to enforce its prior judgment by contempt, but instead entered an order finding that the allocation line had already been determined in the 2016 judgment, based on the parties' prior agreement and a survey specifying the allocation line.

John argues that the trial court's order is void and barred by res judicata. Alternatively, John argues that the trial court's order is not supported by legally sufficient evidence. As a threshold matter, we must decide whether we have jurisdiction over this appeal.[2]

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Id.* It is undisputed in this case that the issue involving the lake allocation line was raised before the entry of the 2016 judgment. Finding that the parties had "resolved their differences" and had agreed to the Property's distribution, the 2016 judgment stated, "[T]he above-entitled and numbered cause, all claims, and causes of action . . . is hereby in all things dismissed with prejudice."

While Texas law has long recognized that probate proceedings may involve multiple judgments "on certain discreet issues," each of which may be "final for purposes of appeal," *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006), the order appealed from in this case did

---

[2]On August 14, 2019, this Court notified the parties about a potential jurisdictional defect and gave John the opportunity to show how we have jurisdiction. *See* TEX. R. APP. P. 42.3.

not fall within the probate exception to the one final judgment rule because the order was related to contempt proceedings.

"A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders." TEX. GOV'T CODE ANN. § 21.001. Contempt proceedings "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) (quoting *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding)). Thus, whether the contempt motion is granted or denied, "[i]t has long been the law in the State of Texas that decisions in contempt proceedings are not reviewable on direct appeal." *In re J.E.B.*, No. 06-18-00084-CV, 2018 WL 6332252, at *1 (Tex. App.—Texarkana Dec. 5, 2018, no pet.) (mem. op.) (citing *Hooper*, 2011 WL 334198, at *1; *Office of Attorney Gen. of Tex.*, 215 S.W.3d at 915–16); *see Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985)); *Runnels v. Neal*, No. 12-18-00146-CV, 2018 WL 3569682, at *1 (Tex. App.—Tyler July 25, 2018, no pet.) (mem. op.).

"There is a line of cases that allow a direct appeal from rulings made *during* a contempt proceeding when the rulings involve issues wholly unrelated to the issue of contempt, assuming such issues are otherwise appealable." *J.E.B.*, 2018 WL 6332252, at *1;[3] *but see In re M.E.G.*, 48 S.W.3d 204, 209 (Tex. App.—Corpus Christi 2000, no pet.) ("Courts of appeals generally do not

---

[3]"For example, '[i]f a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order.'" *J.E.B.*, 2018 WL 6332252, at *1 (citing *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.)).

have jurisdiction to review contempt orders by way of direct appeal. This is true even where the contempt order is appealed along with a judgment that is appealable."). However, the findings in the trial court's order were entirely related to the contempt proceeding.

The only possible relief from non-confinement contempt orders is a writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *see In re B.J.H.-T.*, No. 12-11-00383-CV, 2013 WL 1687586, at *1 (Tex. App.—Tyler Apr. 17, 2013, no pet.) (mem. op.). Therefore, we lack jurisdiction to hear this direct appeal from the trial court's order related to the contempt proceeding.

We dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 19, 2019
Date Decided:       August 30, 2019