**Ex parte Kevin Clarence ARNOLD, Relator.**

**No. 09–96–178 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 27, 1996.

Decided July 11, 1996.

Claude Welch, Lufkin, for appellant.

Charles R. Dendy, Lufkin, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER Justice.

Kevin Clarence Arnold and Sonya Arnold divorced June 29, 1994. On September 1, 1994, Ms. Arnold filed a motion for enforcement to compel Mr. Arnold's compliance with the decree. On February 6, 1995, the trial court entered a contempt order which also clarified the decree and made additional orders. Ms. Arnold again sought enforcement on March 20, 1996. The trial court heard Ms. Arnold's Second Amended Motion for Enforcement on June 12, 1996. The judge presiding in the district courts of Angelina County, Texas, found Mr. Arnold in contempt and sentenced him to 60 days confinement in the Angelina County Jail.

The court's June 12 contempt order listed five violations of the June 29, 1994, order: three separate failures to relinquish possession of the parties' son for weekend visitation, and separate violations for failure to relinquish possession of two of their children for visitation on their respective birthdays. The June 12 contempt order found one violation of the February 6, 1995, order, in that Mr. Arnold failed to provide policy cards evidencing insurance coverage for the children. Although alleged in Ms. Arnold's motion, the June 12, 1996, order did not find Mr. Arnold violated that portion of the divorce decree which required he reimburse

Ms. Arnold for the children's medical expenses.

Mr. Arnold filed this petition for writ of habeas corpus on June 13, 1996. The petition contends the motion and order regarding the five visitation violations were not stated with sufficient specificity to comply with Section 157.002(c) of the Texas Family Code, and the February 6, 1995, order was not enforceable by contempt because it provided an alternative to providing health insurance, namely paying 100% of the children's medical bills. We ordered Relator's release on $2,500 bond pending hearing on his application for the writ.

On June 18, 1996, the trial court entered its "Amended Order Holding Respondent in Contempt and for Commitment to County Jail." The amended order found Relator guilty of all seven alleged violations, including Relator's failure to reimburse Ms. Arnold for the medical expenses described in the second amended motion. The trial court adjudged Relator in contempt and ordered Relator be committed to the Angelina County Jail for sixty days for each separate violation, with each period of confinement to run concurrent with the other sentences.

Relator's brief presents three points of error:

Point of error one: With regard to alleged Violations Nos. 1–5, the Second Amended Motion for Enforcement and Order to Appear does not comply with § 157.002(a)(1) of V.T.C.A. Family Code.

Point of error two: With regard to alleged Violations Nos. 1–5, the Second Amended Motion for Enforcement and Order to Appear does not comply with § 157.002(c) of V.T.C.A. Family Code.

Point of error three: Violation No. 7 of the Second Amended Motion for Enforcement and Order to Appear is not enforceable by contempt.

■ The motion did not state the place where Relator failed to relinquish their son for weekend visitation (violations 1 through 3), did not include the part of the order which ordered Relator to surrender the children in a particular place at a particular time (violations 1 through 5), with the result that the trial court could not punish Relator for those violations. Thus, points of error one and two are well-taken because the motion did not meet all of the requirements. TEX.FAM.CODE ANN. § 157.002(a)(1), (c) (Vernon 1996). This conclusion does not end our analysis.

Relator did not amend his petition for writ of habeas corpus to challenge the additional contempt finding in the June 18 order. Relator elected to present oral argument on June 27 as originally scheduled. At oral argument Relator acknowledged the order had been amended to reflect the trial court's bench pronouncement. He asserts the contempt judgment is void if any one of the seven contempt findings is without legal basis.

Ms. Arnold's "Second Amended Motion for Enforcement and Order to Appear" set out the following portion of the Final Decree of Divorce:

Sonya Denise Arnold shall furnish to Kevin Clarence Arnold copies of all statements and bills for such health care expenses within five (5) days of incurring same, and Kevin Clarence Arnold is ORDERED, ADJUDGED and DECREED to pay his required share of the statement and bills within five (5) days of receipt either by paying the health care provider directly or by reimbursing Sonya Denise Arnold for any advance payment over and above her required share.

The motion then complained:

7. Respondent has failed to comply with the orders described above as follows:

. . . .

VIOLATION 6. Movant, Sonya Denise Arnold, has presented receipts for medical expenses to Respondent, Kevin Clarence Arnold, for reimbursement and Respondent has refused and continues to refuse to reimburse Movant. The medical bills outstanding are as follows:

a. The Children's Clinic of East Texas (Brandon) for $35.00; notice was given by CMRRR # Z380701056 and postmarked 9/11/95.

b. The Children's Clinic of East Texas (Brittany) for $35.00 and K–Mart prescription receipt for $7.49; notice was

given by CMRRR # Z736747297 and postmarked 9/27/95.

c. The Children's Clinic of East Texas (Brittany) for $35.00 and K–Mart prescription receipt for $33.47; notice was given by CMRRR # Z736746795 and postmarked 10/31/95.

d. Two receipts from Ruckman Clinic (Ashley); one for $49.00 and one for $150.00; notice was given by CMRRR # Z736805722 and postmarked 12/26/95.

e. The Children's Clinic of East Texas (Ashley) for $38.00, along with note from doctor's office regarding x-ray to take to Woodland Heights; also included bill from Woodland Heights for x-ray in the amount of $96.50 and K–Mart prescription receipt for $21.97; notice 'was given by CMRRR # Z736804769 and postmarked 1/16/96.

f. E.L. Domingue, M.D., P.A. (Ashley) for $50.00; notice was given by CMRRR # Z380701059 and postmarked 03/05/96.

g. The Children's Clinic of Lufkin, P.A. (Brittany) for $83.00 and K–Mart prescription receipt for $13.97; notice was given by CMRRR # Z380701060 and postmarked 4/11/96.

■ This particular charge regarding medical expenses does not suffer the same infirmity as the other violations which resulted in judgment of contempt. These allegations include the portion of the order violated, amount owed as provided in the order, and the date of each violation. That portion of the motion which seeks to hold Relator in contempt for failing to pay medical expenses meets the requisites of the Family Code. Tex.Fam.Code Ann. § 157.002 (Vernon 1996). Relator was provided notice of the portion of the order allegedly violated and sought to be enforced, the manner of the respondent's alleged noncompliance, and the relief requested by the petitioner. *Id.* The same language is repeated in the divorce decree, the motion, and the amended contempt order. We conclude neither the order violated, nor the motion, nor the order holding Relator in contempt for failing to reimburse Ms. Arnold for medical expenses was so vague as to

be unenforceable, and indeed Relator does not suggest otherwise.

The amended contempt order provides:

IT IS ADJUDGED that Respondent, KEVIN CLARENCE ARNOLD, is in willful contempt for each separate violation enumerated hereinabove.

It is ORDERED that punishment for each separate violation is assessed as confinement in the County Jail of Angelina County, Texas, for a period of sixty (60) days. IT IS ORDERED that Respondent, KEVIN CLARENCE ARNOLD, shall report to the County Jail of Angelina county, Texas, at 9:00 a.m. on June 13, 1996, to begin serving his sentence.

IT IS THEREFORE ORDERED that Respondent is committed to the County Jail of Angelina County, Texas, for a period of sixty (60) days for each separate violation enumerated above to begin at 9:00 a.m. on June 13, 1996.

IT IS FURTHER ORDERED that each period of confinement assessed herein shall run and be satisfied concurrently.

■ Relator does not argue the trial court could not amend its judgment, nor does he claim he is not confined pursuant to the amended order rather than the original order. Relator contends the order assessed joint punishment for the seven violations, and is void because the visitation provisions are unenforceable for vagueness, citing *Ex parte Sealy*, 870 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). This is true where the trial court assesses a single punishment for multiple acts of contempt, as was the case in *Sealy*. *See also Ex parte Davila*, 718 S.W.2d 281, 282 (Tex.1986); *Ex parte Russell*, 875 S.W.2d 467, 469 (Tex. App.—Austin 1994, orig. proceeding). Where a trial court lists each failure to comply with the order separately and assesses a separate punishment for each failure to comply, only the invalid portion of the contempt order is void and the remainder of the contempt order is enforceable. *Ex parte Linder*, 783 S.W.2d 754, 758 (Tex.App.—Dallas 1990, orig. proceeding). *See also Ex parte Conoly*, 732 S.W.2d 695, 699 (Tex.App.—Dallas 1987, orig. proceeding); *Ex parte Myrick,*

474 S.W.2d 767, 771 (Tex.Civ.App.—Houston [1st Dist.] 1971, orig. proceeding).

We reject Relator's argument the trial court could not punish him with contempt for failing to provide proof of insurance as ordered. The trial court's order of February 6, 1995, unequivocally ordered Relator to produce insurance cards. The motion addressed the original decree's command to pay all of the children's medical expenses, and placed at issue Relator's failure to perform either act.

The trial court assessed punishment of 60 days confinement for each act of contempt, and ordered the sentences to run concurrently. That part of the contempt judgment which ordered Relator be confined for 60 days for violating the court's order on visitation (violations 1 through 5) is void. The remainder of the contempt judgment, punishing Relator for violating the court's order regarding insurance and medical expenses for the children, is severable from the tainted portion of the judgment, as the trial court assessed separate punishments for these contempt violations (6 and 7).

We hold Relator's confinement is not illegal. The application for writ of habeas corpus is denied. Our previous order granting bail is now withdrawn and Relator is remanded back to the custody of the Angelina County Sheriff.

WRIT DENIED.