146 S.W.3d 323 (2004)
In the Interest of A.C.J., a Child.
No. 09-03-501 CV.
Court of Appeals of Texas, Beaumont.
Submitted on June 17, 2004.
Decided September 16, 2004.
*324 William J. Rice Jr., Rice and Associates, Houston, for appellant.
Kristin Bays, J. Randal Bays, Conroe, for appellee.
Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

OPINION
STEVE McKEITHEN, Chief Justice.
Robert E. Jones (Robert) appeals from an order enforcing a child support obligation, awarding attorney's fees for Robert having filed a "frivolous" modification motion in a prior proceeding, granting injunctive relief, finding Robert in contempt, and awarding attorney's fees in the instant proceeding. See Tex. Fam.Code Ann. §§ 157.001  157.426 (Vernon 2002).[1] By three issues, Robert contests the validity of the enforcement order.

FACTUAL BACKGROUND
Robert and his ex-wife, Tracy L. Jones (Tracy), were divorced on February 2, 1993. At the time of the divorce, there *325 were three children under eighteen years of age born of the marriage. The final divorce decree named Tracy sole managing conservator of the children with Robert named possessory conservator. Among other obligations, Robert was ordered to pay, as additional child support, fifty percent of all health care expenses not paid by any insurance incurred by or on behalf of the children, including medical, prescription drug, psychiatric, psychological, dental, optical, and orthodontic charges. Two further provisions contained in the final divorce decree read as follows:
10. Decision to Incur Expenses. The decision to incur health care expenses shall be made solely by TRACY L. JONES. Reasonableness of the charges shall be presumed upon presentation of the bill. Disallowance of the bill by a health insurer shall not excuse the obligation of ROBERT E. JONES to make payment.
11. Payment of Uninsured Expenses. TRACY L. JONES is ORDERED AND DECREED to furnish to ROBERT E. JONES copies of all statements and bills for health care expenses not covered by insurance, and ROBERT E. JONES is ORDERED AND DECREED to pay the statement and bills within five days of receipt either by paying the health care provider directly or by reimbursing TRACY L. JONES for any advance payment over and above her share of the expenses.
On July 10, 2003, Tracy filed the "Petition For Enforcement Of Prior Order, For Temporary And Permanent Injunction And For Recovery Of Attorney's Fees." Robert responded by filing an answer in the form of a general denial raising no defenses nor claims in his own behalf. In her petition, Tracy sought to recover one-half of the un-reimbursed medical expenses not paid by Robert for several prior years. The petition also sought temporary and permanent injunctions to prevent Robert from foreclosing on an owelty lien, in which he was a named beneficiary, securing Tracy's obligation to make the monthly mortgage payments for the residential lot and house which was a portion of the former community estate awarded to Tracy in the final divorce decree. Tracy also sought recovery of attorney's fees in her defense of the alleged "frivolous" motion to reduce child support filed by Robert in August of 2002, and subsequently non-suited on May 22, 2003.
The trial court found Robert in contempt for violating the trial court's final divorce decree in that he had failed to reimburse Tracy for one-half of the children's health care expenses and ordered him confined in the Montgomery County Jail for one hundred eighty days. The trial court suspended imposition of Robert's incarceration through March 1, 2005, conditioned upon Robert making monthly payments to Tracy and to Tracy's trial counsel for the delinquent health care expenses and for attorney's fees, respectively. The trial court also issued a permanent injunction prohibiting Robert from taking any action to foreclose or attempt to foreclose upon the property awarded to Tracy in the final divorce decree, and prohibiting Robert from interfering in any way with the mortgage loan for which Tracy became responsible upon being awarded the community homestead in the final divorce decree. The trial court also ruled that the "Deed of Trust To Secure Assumption" executed by Tracy in 1992, was "void and is of no force or effect." Lastly, the trial court found Robert's motion to modify his child support obligations, filed in August of 2002, was frivolous, and Robert was ordered to pay Tracy's attorney's fees in that cause.
*326 Robert's first issue complains of being held in contempt for failing to reimburse Tracy for one-half of the uninsured health care expenses of the children. We must dismiss this issue, as courts of appeals generally do not have jurisdiction to review contempt orders by way of direct appeal. See In re T.L.K., 90 S.W.3d 833, 841 (Tex.App.-San Antonio 2002, no pet.); In re M.E.G., 48 S.W.3d 204, 209 (Tex. App.-Corpus Christi 2000, no pet.). This is true even where the contempt order is appealed along with a judgment that is appealable. M.E.G., 48 S.W.3d at 209. Habeas corpus is the proper form of relief from contempt orders. Id. Furthermore, the Texas Supreme Court has held that "[c]ontempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus." See In re Long, 984 S.W.2d 623, 625 (Tex.1999) (citing Rosser v. Squier, 902 S.W.2d 962 (Tex.1995)). As such, we lack jurisdiction to entertain Robert's complaints concerning the criminal contempt portion of the trial court's enforcement order. Issue one is dismissed.
Issue two complains of the trial court's award of attorney's fees to Tracy for her prosecution of the enforcement suit, and complains of the award of attorney's fees as a sanction for Robert's previous "frivolous" modification lawsuit, which Robert non-suited on May 22, 2003. Regarding the sanction, Robert argues that the trial court had lost plenary power to enter any orders relating to the non-suited cause as the non-suit occurred in May of 2003, and the trial court's final judgment containing the sanction was signed on October 8, 2003. Additionally, Robert argues that, as his prior modification petition was not frivolous as contemplated under Tex.R. Civ. P. 13, any sanction entered upon said petition was erroneous. Tracy responds by stating the trial court had jurisdiction to enter an award of attorney's fees as a sanction as "the Family Code mandated the award of attorney's fees against [Robert] for filing a frivolous pleading, and his non-suit had no effect of [sic] the trial court's power to make that award."
Sanctions are but one of a number of "tools" used by courts to enforce their orders, and, in Texas, sanctions in civil disputes arise from three sources: the Rules of Civil Procedure, the Texas Statutes, and the state and federal constitutions. See 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 16:10 (2d ed.2000). In this case, neither Tracy's petition for enforcement nor the trial court's judgment indicate which source of sanctions is being relied upon.
Tracy argues the proper source of sanctions against Robert is Tex. Fam.Code Ann. § 156.005 (Vernon 2002), which provides: "If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party." While section 156.005 does provide for an explicit sanction in the form of attorney's fees taxed as costs against the offending party, the statute does not set out the "scope of liability," i.e., what specific conduct must be found by a court in order to trigger imposing the sanction. By contrast, such provisions as are set out in Chapter 9 and Chapter 10 of the Texas Civil Practice and Remedies Code, and in Texas Rules of Civil Procedure 13 and 215, which instruct courts and litigants as to what specific acts or omissions are considered sanctionable, and what specific sanctions may be imposed. Such detail exists in recognition of the fact that a court's power to sanction is limited by the due process clause of the United States Constitution. In re Bennett, 960 S.W.2d 35, 40 (Tex.1997); Sterling v. Alexander, *327 99 S.W.3d 793, 797 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).
Our review of a trial court's sanction award is under an abuse of discretion standard. Sterling, 99 S.W.3d at 797. Because the trial court's final judgment does not denote in what way Robert's modification petition was frivolous, determining if the trial court properly applied the "law" to the facts is somewhat difficult. At least one appellate court has held that the failure of a trial court's order imposing sanctions to explicitly describe the conduct the court determined to be sanctionable under 10.001 violates section 10.005 of the Texas Civil Practice and Remedies Code. See University of Texas at Arlington v. Bishop, 997 S.W.2d 350, 355 (Tex.App.-Fort Worth 1999, pet. denied). However, considering the evolutionary development of the law in Texas, deciding which of the various "frivolous pleading" sanction-alternatives is appropriate is no easy task for a litigant. See Sydney B. Hewlett, New Frivolous Litigation Law in Texas: The Latest Development in the Continuing Saga, 48 Baylor L.Rev. 421 (1996).
Nevertheless, we find no abuse of discretion by the trial court in awarding Tracy the attorney's fees she incurred in responding to and defending Robert's prior modification petition. Tex.R. Civ. P. 162 provides that a plaintiff may take a non-suit at any time before he has introduced all of his evidence other than rebuttal evidence. Therefore, it appears that Robert was entitled to non-suit his modification petition at the time he requested it. However, Rule 162 also states that a dismissal under this rule shall have no effect on requests for attorney's fees or other costs pending at the time of dismissal, and that dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against the dismissing party unless otherwise ordered by the court. The record before us contains Tracy's original answer filed in Robert's modification action, and said answer does plead for attorney's fees and expenses. Robert's non-suit entitled Tracy to her costs, which included her attorney's fees. Therefore, regardless of the stated reason, the trial court did not render an improper judgment by taxing Robert for Tracy's attorney's fees stemming from Robert's modification action. Tex.R.App. P. 44.1(a)(1). This portion of issue two is overruled.
Robert also complains under issue two of the court costs awarded to Tracy in her enforcement action. The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. Tex. Fam.Code Ann. § 106.002(a) (Vernon 2002); Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex.1996). We will not reverse a trial court's judgment on attorney's fees in a suit affecting the parent-child relationship absent a clear showing of abuse of discretion. See In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex.2002). It is well settled that attorney's fees rendered in prosecution or defense of a suit affecting the parent-child relationship may be awarded as costs if they were incurred to establish the best interest of the child. See In re A.J.L., 108 S.W.3d 414, 422 (Tex.App.-Fort Worth 2003, pet. denied); In re Moers, 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The rationale for this is that both parents are responsible for providing for the child's needs. See A.J.L., 108 S.W.3d at 422; London v. London, 94 S.W.3d 139, 146 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In his brief, Robert argues that Tracy was not entitled to attorney's fees in her enforcement action as she failed to present sufficient evidence to sustain her burden with regard to the contempt issue. As we have already held that Robert may not appeal from a *328 judgment of contempt, we decline to respond to this argument. As this is Robert's only argument under this part of issue two, we overrule it and overrule issue two in its entirety.
Issue three complains of the injunctive relief awarded to Tracy by the trial court in order to prevent Robert from interfering with Tracy's attempts to make mortgage payments on the home awarded her from the community estate at the time of the divorce. At trial, Robert contended he was only exercising his rights as beneficiary named in the Deed of Trust to Secure Assumption executed by Tracy in 1992. However, during the evidentiary hearing, Tracy introduced into evidence a document entitled, "Release of Lien," executed on July 13, 1999, which recites that both Robert and Tracy were released from their mortgage payment obligations for the purchase of their home in 1987 because of the "payment in full" of $42,000. Furthermore, during his closing remarks to the trial court, Robert's trial counsel admitted that "we were unaware of the fact that the mortgage company had released its lien" on the property in question. Under those circumstances, "if there is no lien, well, then, [Robert] has no lien to foreclose on either, and we have no problem with that." It would appear from the evidence contained in the record and from trial counsel's concession that issue three has become moot, and we overrule it for that reason. Having overruled all of Robert's issues, we affirm the final enforcement order of the trial court.
AFFIRMED.
NOTES
[1] We cite to the version of the Family Code in effect at the time of the filing of the petition for enforcement of the prior order.