In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-209 CV


____________________



IN THE INTEREST OF K.L.R. AND S.M.R.






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-128,681-B






 MEMORANDUM OPINION 


 On appeal, Leon Robles attacks the trial court's order finding him in contempt for
failure to pay child support. We dismiss this cause for want of jurisdiction.

 In 1987, the trial court entered a divorce decree ordering Robles to pay child support. 
In June 2004, the trial court entered an order finding Robles in contempt for failure to pay
child support, but suspended Robles's commitment, placed him on community supervision,
and granted an arrearage judgment. Subsequently, the Texas Attorney General's Office filed
a motion to revoke Robles's community supervision for failure to pay both current child
support and arrearage. The trial court granted the revocation motion in April 2005 and
ordered that Robles be committed to the county jail for 180 days.

 Though Robles filed a notice of appeal regarding the trial court's April 2005
revocation order, he complains only of the 2004 contempt order in his appellate brief. In two
issues he contends that the June 2004 contempt order is void on its face and that the original
pleadings asking the trial court to hold him in contempt did not meet statutory requirements. 

 Courts of appeals generally do not have jurisdiction to review contempt orders by 
direct appeal. In re A.C.J., 146 S.W.3d 323, 326 (Tex. App. - Beaumont 2004, no pet.); In
re B.A.C., 144 S.W.3d 8, 10-12 (Tex. App. - Waco 2004, no pet.); In re T.L.K., 90 S.W.3d
833, 841 (Tex. App. - San Antonio 2002, no pet.) "A contempt judgment is reviewable only
via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ
of mandamus (if no confinement is involved)." Cadle Co. v. Lobingier, 50 S.W.3d 662, 671
(Tex. App. - Fort Worth 2001, pet. denied) (citation omitted). 

 Because Robles is attempting to challenge the contempt proceedings by direct appeal,
we do not have jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction.

 APPEAL DISMISSED.



 ___________________________

 HOLLIS HORTON

 Justice



Submitted on October 10, 2005

Opinion Delivered December 22, 2005

Before Gaultney, Kreger and Horton, JJ.