In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-492 CV


____________________



IN THE INTEREST OF W.N.P., C.R.P., and M.L.P.






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 45,514






 MEMORANDUM OPINION 


 On appeal, Stacey Allison attacks the trial court's order finding her in contempt for
failure to comply with court-ordered visitation. We dismiss the appeal for want of
jurisdiction.

 Stacey Allison and Nick Spero Pomonis divorced in 1992. Alleging Allison refused
to allow him to take the children on a Florida vacation during the 2004 Christmas holidays,
Pomonis filed a motion to hold Allison in contempt for interfering with his scheduled period
of Christmas visitation. Pomonis also filed a motion to modify the possession order so that
periods of visitation commence and end at the children's school. The trial court signed a
modification order on October 5, 2005. On October 24, 2005, the trial court signed a
separate order in which it found Allison in contempt for failing to comply with court-ordered
visitation. The trial court imposed a six month jail sentence as punishment for the contempt,
but suspended the commitment and placed Allison on community supervision for thirty-six
months. As a condition of probation, the trial court ordered Allison to reimburse Pomonis
for the cost of airline tickets. Allison filed notice of appeal.

 Allison's five issues complain exclusively of the contempt order. Her first issue
contends the trial court abused its discretion "in allowing Appellee to utilize two opposite
interpretations of the Order that Appellant was accused of violating." The next two issues
challenge the legal and factual sufficiency of the evidence supporting the finding of
contempt. The final two issues challenge the legal and factual sufficiency of the evidence
supporting the order "that Appellant pay a portion of the cost of Appellee's missed vacation."
Thus, the issues relate to the evidence supporting the judgment of contempt or to the
conditions of probation in the contempt judgment. 

 Courts of appeals generally do not have jurisdiction to review contempt orders
through direct appeal. In re A.C.J., 146 S.W.3d 323, 326 (Tex. App.--Beaumont 2004, no
pet.); In re B.A.C., 144 S.W.3d 8, 10-12 (Tex. App.--Waco 2004, no pet.); In re T.L.K., 90
S.W.3d 833, 841 (Tex. App.--San Antonio 2002, no pet.). "A contempt judgment is
reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a
petition for writ of mandamus (if no confinement is involved)." Cadle Co. v. Lobingier, 50
S.W.3d 662, 671 (Tex. App.--Fort Worth 2001, pet. denied) (citation omitted). 

 Because Allison challenges the contempt order by direct appeal, we do not have
jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction.

 APPEAL DISMISSED.




 _________________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on March 22, 2006

Opinion Delivered March 30, 2006


Before McKeithen, C.J., Kreger and Horton, JJ.