**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00220-CV**
_____

**IN THE INTEREST OF J.W. AND J.W.**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 18-07-09683-CV**

## MEMORANDUM OPINION

*Pro se* appellant A.W. ("Father") challenges the trial court's judgment holding him in contempt for violating an Order in Suit to Modify Parent-Child Relationship, committing him to county jail, suspending the imposition of his jail commitment, ordering him to pay K.W. ("Mother") child support and medical support, and granting Mother a judgment for arrearages. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

Since Father did not file a reporter's record, our discussion of the background is solely based on the clerk's record. *See Cisneros v. Cisneros*, No. 14-14-00616-

1

CV, 2015 WL 1143125, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.) (noting in absence of reporter's record, background facts were based on clerk's record alone). In February 2021, Mother filed a Motion for Enforcement of Child Support and Visitation Order against Father, alleging contempt based on the failure to disclose a residential address and the denial of possession and failure to pay $600.00 in monthly child support and $230.00 in monthly health insurance as required by the May 2020 Order in Suit to Modify Parent-Child Relationship ("May 2020 Order"). Mother attached the May 2020 Order, the Office of Attorney General Texas Child Support Disbursement Unit Payment Record showing Father had not paid child support in accordance with the May 2020 Order, the Office of Attorney General Texas Child Support Division Arrears Record showing that Father's total arrearage was $8,416.20, and a Visitation Journal documenting the specific days and times Father did not allow her to see the children. Mother requested confirmation of all arrearages and rendition of a judgment plus interest on arrearages, attorney's fees, and costs. She further requested that the trial court order income withholding and hold Father in contempt and to jail and fine him for each listed violation and for each additional failure to comply with the trial court's May 2020 Order or place Father on community supervision.

In June 2021, Father filed a Motion to Stay Pending Appeal, requesting a stay of Mother's enforcement case because the May 2020 Order was being reviewed on

appeal.[1] Father argued that the enforcement case was brought to damage his name and standing with the court and that none of Mother's alleged complaints show a violation of the May 2020 Order or rise to the level of contempt. The trial court issued an Order Holding Respondent in Contempt and For Commitment to County Jail, finding that Father was guilty of violating the May 2020 Order because he failed to comply with the possession order and failed to pay child support and medical support. The trial court found Father guilty of a separate act of contempt of court for nine specified violations, assessed his punishment at thirty days in county jail for each separate violation, and ordered that each period of confinement shall run concurrently, but the trial court suspended the imposition of his jail commitment for sixty days if Father complied with certain conditions.

The trial court ordered Father to pay monthly child support and medical support and confirmed that Father was $10,534.06 in arrears. The trial court granted Mother a judgment against Father in the amount of $10,534.06 with interest and ordered any employer of Father to withhold income for child support and court ordered attorney's fees. Father filed a Motion for an Appeal, arguing the judgment of contempt should be vacated because it violates his constitutional right of due

---

[1]Father appealed the trial court's Order in Suit to Modify Parent-Child Relationship and this Court affirmed the trial court's judgment on April 22, 2021. *See Interest of J.W.*, No. 09-20-00204-CV, 2021 WL 1567332, at *1, 3 (Tex. App.—Beaumont Apr. 22, 2021, no pet.) (mem. op.).

process under the Fourth, Fifth, and Fourteenth Amendments. Father also argued that evidence was admitted in violation of the Texas procedures of discovery and the ruling was disproportionate to the charges.

ANALYSIS

In Father's *pro se* brief on appeal he argues the trial court's judgment holding him in contempt violates the Texas rule for civil and criminal procedures and his constitutional rights of due process, fairness, and equal protection of the law. Father complains the trial court denied his motion for continuance pending an appeal and his motion to stay and that the trial court's judgment on arrears is inaccurate because it is based on an Arkansas Order that did not order child support. Father also complains the trial court lacked jurisdiction.

Courts of appeal generally do not have jurisdiction to review contempt orders through direct appeal. *See Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *In the Interest of A.C.J.*, 146 S.W.3d 323, 326 (Tex. App.—Beaumont 2004, no pet.). This is true even when the contempt order is appealed along with a judgment that is appealable, such as a confirmation of child support arrearages. *In re Roisman*, 651 S.W.3d 419, 433, 440 (Tex. App.—Houston [1st Dist.] 2022, no pet.). The only available means for review from a contempt order is via a petition for writ of habeas corpus or a petition for writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); *Cadle Co. v. Lobingier*,

4

50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied). Because this is a direct appeal for an order of commitment for contempt, we do not have jurisdiction. *See Cline*, 557 S.W.3d at 812; *In the Interest of A.C.J.*, 146 S.W.3d at 326; *Interest of S.R.*, No. 09-18-00033-CV, 2019 WL 1561777, at *1 (Tex. App.—Beaumont Apr. 11, 2019, no pet.) (mem. op.). Accordingly, we must dismiss this appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on October 19, 2022
Opinion Delivered November 17, 2022

Before Golemon, C.J., Kreger and Horton, JJ.