In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00357-CV

_____

IN THE INTEREST OF S.J.H.

_____

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-241,554

_____

**MEMORANDUM OPINION**

Appellant Theresa Hodges files this pro se appeal from a no-answer default Final Order to Adjudicate and to Establish the Parent Child Relationship. Hodges challenges the trial court's Final Order arguing the order does not comport to an agreement between her and the child's father, that she was not given notice of the hearing to challenge the Final Order, and that she disagrees with some terms of the Final Order. We affirm the trial court's order.

1

## BACKGROUND

Appellee Kyle Sommars filed a Petition to Adjudicate Parentage requesting the trial court to order genetic testing and to determine conservatorship for the child, S.J.H. The record shows Hodges was personally served, failed to file an answer, and failed to appear at the final hearing. We do not have a reporter's record of the final hearing on appeal. In the Final Order, the trial court adjudicated Sommars to be the father of S.J.H., appointed both parties joint managing conservators with Hodges as the conservator with the exclusive right to designate the child's primary residence, awarded Hodges child support in the amount of $600.00 a month, ordered Hodges to carry health insurance for S.J.H., granted a possession order with graduated stages, and ordered Hodges to pay Sommars' attorney's fees. Hodges filed a pro se notice of appeal.

In her pro se brief, Hodges complains that she did not receive notice of the final hearing on October 24, 2022, that the trial court's Final Order does not comport with a tentative agreement Hodges claims she had with Sommars, that the Final Order requires her to carry health insurance for S.J.H., and that the Final Order requires her to pay Sommars' attorney's fees. Without citing any facts in the record, Hodges claims the parties had reached an agreement with respect to custody, and that Sommars' attorney would "write up the agreement and add the standard legal things that needed to be added[.]" In her brief, Hodges claims that upon receiving

2

the draft agreement, she found "several issues with how things were worded, [and] refused to sign until the proper draft was completed." According to Hodges, she received the Final Order while she was still waiting for a meeting with Sommars and his attorney to be rescheduled during which they would finalize their agreement. Hodges complains she did not receive notice of the court date, and the Final Order "with few key exceptions was not the paperwork I was given by Kyle Sommars or the attorney." Hodges also complains that the Final Order requires her to provide health insurance for S.J.H. and pay Sommars' attorney fees.

## ANALYSIS

We liberally construe pleadings and briefs filed by a self-represented litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Id*. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978).

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500

3

(Tex. 2015). A brief does not adequately comply with this rule "if we must speculate or guess about the appellant's issues." *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Waiver may result from an appellant's "[f]ailure to provide citations or argument and analysis as to an appellate issue[.]" *Ross*, 462 S.W.3d at 500.

Hodges' brief appears to raise four issues but does not provide citations, argument or analysis for these issues. Although Hodges complains that she did not receive notice of the court date, her brief fails to explain why this was error when the record reveals she failed to answer or otherwise appear after having been served. *See In re K.J.B.*, No. 09-14-00324-CV, 2015 Tex. App. LEXIS 6477, at *22 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op.) ("After a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant who has not answered or otherwise appeared before taking a default judgment."). Hodges' brief also fails to explain how the trial court erred by entering a Final Order that did not match a draft agreement that her brief concedes was never finalized and signed by both parties or their counsel. *See* Tex. R. Civ. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

Hodges' brief also fails to demonstrate how it was an abuse of discretion for the trial court's Final Order to require her to provide health insurance for S.J.H. and pay Sommars' attorney's fees. S*ee Sink v. Sink*, 364 S.W.3d 340, 347 (Tex. App.—Dallas 2012, no pet.) ("A trial court's order pertaining to health insurance for the children will not be reversed on appeal unless the complaining party can show a clear abuse of discretion."); *In the Int. of A.C.J.*, 146 S.W.3d 323, 327 (Tex. App.—Beaumont 2004, no pet.) ("We will not reverse a trial court's judgment on attorney's fees in a suit affecting the parent-child relationship absent a clear showing of abuse of discretion."); *In re the Guardianship of Berry*, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no pet.) (mem. op.) ("Where no reporter's record is filed, we presume that the evidence adduced at the hearing supported the court's order.").

Even construing Hodges' brief liberally, we conclude that it does not comply with Rule 38.1, because, although it lodges general complaints about the trial court's Final Order, it is supported neither by facts in the record nor with arguments and authorities demonstrating error on the part of the trial court. As a result, Hodges' brief presents nothing for our review, and her complaints are waived. *See In the Int. of S.P.*, No. 09-21-00296-CV, 2022 Tex. App. LEXIS 810, at *16 (Tex. App.—Beaumont Feb. 3, 2022, no pet.) (mem. op.) ("By providing only bare assertions of error or allegations, we conclude Appellant's brief fails to satisfy Rule 38.1, the brief

5

presents nothing for our review on appeal, and Appellant waived our review of those complaints.").

We overrule all of Hodges' issues and affirm the trial court's order.

AFFIRMED.


                                        KENT CHAMBERS
                                        Justice

Submitted on June 25, 2024
Opinion Delivered October 17, 2024

Before Johnson, Wright and Chambers, JJ.