In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00306-CV

IN RE CESAR MANUEL BECERRA

**Original Proceeding
County Court at Law No. 3 of Montgomery County, Texas
Trial Cause No. 09-05-04838**

## MEMORANDUM OPINION

Cesar Manuel Becerra filed a petition for a writ of habeas corpus and a motion for release on personal recognizance. Becerra argues he is currently restrained illegally by virtue of a judgment of civil and criminal contempt of a child support enforcement order. *See* Tex. Gov't Code Ann. § 22.221(d). We deny relief.

The record Becerra submitted with the habeas corpus petition consists of an Amended Order Holding Respondent in Contempt for Failure to Pay Child Support and Medical Support, Granting Judgment, and for Commitment to County Jail signed on July 10, 2025, (the "judgment") with an attached Order Enforcing and

1

Modifying Support Obligation (the "enforcement order") signed on June 13, 2013. The judgment holds Becerra in criminal contempt, assesses a $500 fine, and for each separate violation orders that Becerra be confined in the Montgomery County jail for 165 days beginning July 10, 2025, with the sentences to be served concurrently. The judgment also holds Becerra in civil contempt, orders him to pay $10,000 as child support arrearage, including any accrued interest, orders the Montgomery County sheriff to confine Becerra until he purges himself of contempt, and it sets a Compliance Hearing for September 3, 2025. The judgment grants a $51,541.09 cumulative judgment for child support arrearages, a $6,263.41 cumulative judgment for medical support arrearages, and a $10,783.75 cumulative judgment for attorney's fees. The judgment orders—withholding beginning August 1, 2025, Becerra to pay $500 each month towards the child support arrearage, to pay $150 each month towards the medical support arrearage, and to pay $150 each month towards the attorney's fee award.

The enforcement order (1) found Becerra was ordered to pay child support of $255 monthly beginning May 1, 2009; (2) confirmed a $4,021.55 arrearage as of May 31, 2013; ordered Becerra to pay $50 each month on the arrearage beginning July 1, 2013; and it modified the November 17, 2009 Agreed Order Establishing the Parent-Child Relationship to require Becerra to pay $35 monthly medical support beginning July 1, 2013.

A writ of habeas corpus will issue if the commitment order is void because it deprives the relator of liberty without due process of law. *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding). "In a habeas corpus action challenging confinement for contempt, the relator bears the burden of showing that the contempt order is void." *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

Becerra contends the judgment is unconstitutionally vague and ambiguous. The judgment includes the trial court's findings for 526 separate violations of the enforcement order. The findings identify Violations 1 through 290 on a chart describing each numbered violation of the cumulative child support arrearage judgment by Date Due, Date Paid, Amount Due, and Amount Paid. The findings identify Violations 291 through 526 on a chart describing each numbered violation of the cumulative medical support judgment by Date Due, Date Paid, Amount Due, and Amount Paid. The judgment finds Becerra was able to pay child support and medical support in the amounts and on the dates ordered and that he is guilty of a separate act of contempt for each separate failure to pay child support and medical support in the amounts ordered, and further finds that on the day of the hearing Becerra had the ability to comply with the court's orders by paying the child support arrearages and medical support arrearages "set forth in violations 1-516 enumerated above." Becerra was represented by an attorney at the proceedings below and in this

habeas. Becerra argues there is a discrepancy between the findings because it mentions "526" separate violations and then the other finding states he has the present ability to pay the arrearages for violations "1 through 516" rather than using the "526" number and he argues that voids the entire contempt judgment.

The trial court's finding that Becerra has the present ability to pay the amount ordered for violations 1 through 516 might reflect a scrivener's error, as Becerra suggests, but the lack of a finding of present ability to pay on violations 517 through 526 affects only the sentences the trial court imposed for violations 517 through 526. "Where a trial court lists each failure to comply with the order separately and assesses a separate punishment for each failure to comply, only the invalid portion of the contempt order is void and the remainder of the contempt order is enforceable." *Ex parte Arnold*, 926 S.W.2d 622, 624 (Tex. App.—Beaumont 1996, orig. proceeding).

Becerra contends the contempt judgment is void because the enforcement order failed to provide to Becerra adequate notice that he must pay unpaid interest on unpaid support. This argument is not supported by the record. Interest accrues on delinquent child support that is greater than the amount of the monthly periodic support obligation and on arrearages that have been reduced to money judgment. *See* Tex. Fam. Code Ann. § 157.265(a). Accrued interest is part of the child support obligation and may be enforced by any means provided for the collection of child

4

support. *Id.* § 157.267. The enforcement order notified Becerra that "[p]ursuant to Texas Family Code § 157.269, the Court retains jurisdiction over this matter until all current support and all support arrearages, including interest and any applicable fees and costs, have been paid." The trial court notified Becerra that he had to pay interest and thus did not deprive Becerra of due process.

Next, Becerra claims the contempt judgment is void because the trial court found that the child support payments for violations 3, 6, 8, 10, 12, 14, 16, 18, 44, 46, 292, 293, 294, 295, 296, 297, 298, and 320 were paid in full, and the trial court found an overpayment was made on violations 49 and 51. Becerra has not shown that he has been held in contempt and punished for an order that he obeyed. The judgment reveals that Becerra paid $255 on his child support obligation in July 2013 and $255 each month from September 2013 through March 2014, and that he paid $35 in medical support in the months of September 2013 through March 2014, but all of the payments were delinquent. The judgment shows Becerra was credited with a $365 payment in May 2015, a $100.01 payment in June 2015, and a delinquent $35 medical support payment in March 2015, but these are the only payments credited between June 1, 2013, and June 1, 2025. Assuming without deciding that the judgment was void as to violations that occurred in a month where Becerra was credited with a late or partial payment, it would affect only 20 of the concurrent 165-day sentences. *See Ex parte Arnold*, 926 S.W.2d at 624.

5

Becerra claims the trial court denied "basic and fundamental constitutional protections implicating due process requirements, including adequate notice." The motion for contempt is not included in the record for this proceeding, and Becerra does not argue that the trial court failed to provide the notice of hearing that is required by statute. *See* Tex. Fam. Code Ann. § 157.062(a). Rather, Becerra argues the trial court denied Becerra due process in that it failed to grant a motion for a continuance that he filed the day before the contempt hearing. The relator is responsible for submitting a record containing a copy of every document that shows the matter complained of. *See* Tex. R. App. P. 52.7(a). Neither the motion for a continuance nor the trial court's denial of a request for a continuance is included in the record. Becerra has not established a due process violation.

Becerra complains that the trial court reduced the arrearages to a money judgment and ordered him to commence making monthly payments of $800 beginning August 1, 2025, without finding the amount of Becerra's disposable earnings. He argues this part of the judgment violated the Consumer Credit Protection Act's restriction on garnishment. *See* 15 U.S.C. § 1673(b); *see also* Tex. Fam. Code Ann. § 158.009 ("An order or writ of withholding shall direct that any employer of the obligor withhold from the obligor's disposable earnings the amount specified up to a maximum amount of 50 percent of the obligor's disposable earnings."). Generally, a contempt order must be reviewed through habeas corpus or

6

mandamus, while the arrearage part of an enforcement action may be appealed. *See, e.g., In re A.C.J.*, 146 S.W.3d 323, 326 (Tex. App.—Beaumont 2004, no pet.) (dismissing issue related to contempt but addressing issue related to money judgment in enforcement action); *see also* Tex. Gov't Code Ann. § 22.221(d) (authorizing court of appeals to "issue a writ of habeas corpus when [a person is] restrain[ed in his] liberty[.]"). Becerra had an adequate remedy by appeal to challenge the arrearage judgment or the withholding order, but he did not file an appeal. Becerra has not been held in contempt and sentenced to confinement in jail for violating these provisions in the judgment. Accordingly, this complaint is not cognizable through habeas corpus.

Finally, Becerra contends the trial court violated Becerra's right to due process by ordering Becerra to pay child support and medical support while he is confined for contempt. Becerra argues the order violates the federal anti-peonage statute. *See* 42 U.S.C.A. § 1994.[1] Becerra has not been held in contempt or sentenced to confinement in jail for violating this part of the judgment. Accordingly, it is not

---

[1] Section 1994 states: "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void."

7

cognizable in a habeas corpus proceeding. *See* Tex. Gov't Code Ann. § 22.221(d) (authorizing court of appeals to "issue a writ of habeas corpus when [a person] is restrain[ed in his] liberty[.]").

Becerra also appears to be asking this Court to order his discharge from confinement for his continued confinement for his civil contempt which he claims he may have in addition to his 165-day sentences for criminal contempt. Until his confinement for criminal contempt is discharged, the likelihood of continued restraint for the civil contempt remains hypothetical and not subject to attack by habeas corpus. *In re Thomas*, No. 09-04-320-CV, 2004 Tex. App. LEXIS 6935, at *2-3 (Tex. App. —Beaumont July 26, 2004, orig. proceeding) (mem. op.).

On this record, Becerra has failed to establish that the contempt judgment is void. Accordingly, we deny the petition for a writ of habeas corpus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 26, 2025
Opinion Delivered August 27, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

8